```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Nationstar Mortgage LLC,

    Plaintiff,

  v.                                Case No. 2:14-cv-383

Kari D. Cruse, et al.,

    Defendants.

## OPINION AND ORDER

This is an foreclosure action brought by plaintiff Nationstar Mortgage LLC, the holder of a promissory note and mortgage deed allegedly executed by defendant Kari D. Cruse.  Also named as defendants are a John Doe unknown spouse and the treasurer of Ross County, Ohio.  The face of the complaint contains a Texas address for the plaintiff, and addresses in Chillicothe, Ohio, for the defendants.  The complaint states that plaintiff seeks to recover $71,669.62, plus interest at a rate of two percent per annum from October 1, 2013, and deferred principal in the amount of $32,145.93 and late charges.  This action was originally filed on March 27, 2014, in the Court of Common Pleas of Ross County, Ohio.  On April 28, 2014, Cruse filed a notice of removal of the action to this court, citing diversity of citizenship as the basis for federal removal jurisdiction under 28 U.S.C. §1441(b).  On July 1, 2014, plaintiff filed a motion to remand for lack of subject matter jurisdiction.  This motion is now before the court for a ruling.

The only basis for removal identified in Cruse's notice of removal is diversity of citizenship. Under 28 U.S.C. §1332(a)(1), federal district courts have original jurisdiction of all civil actions between citizens of different states where the amount in

controversy exceeds $75,000.  The face of the complaint suggests that there is complete diversity of citizenship in this case, because the plaintiff's address is in Texas, whereas all defendants have Ohio addresses.  The complaint also states that the amount in controversy is greater than $75,000 (a notice attached to the amended complaint filed on May 22, 2014, indicates that the amount owed as of March 10, 2014, was $105,295.20).  See Doc. 4, p. 5. Plaintiff does not contest that the requirements for diversity jurisdiction have been satisfied in this case.  Rather, plaintiff argues that removal was improper based on 28 U.S.C. §1441(b)(2), which provides that an action otherwise removable based on diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Plaintiff argues that §1441(b)(2) precluded Cruse from filing a notice of removal because Cruse, named as a defendant, is a citizen of Ohio, where this action was brought.

In response, Cruse correctly notes that the Sixth Circuit has held that technical defects in the removal procedure must be raised by a party within thirty days of removal or they are waived.  See Loftis v. United Parcel Service, Inc., 342 F.3d 509, 516-17 (6th Cir. 2003)(citing 28 U.S.C. §1447(c)("[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal")); see also Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995)(under §1447(c), a motion to remand the case on the basis of a procedural defect must be made within thirty days after the filing of a notice of removal).  A defect in removal

2

under §1441(b)(2) "is non-jurisdictional and must be raised by the plaintiff in a motion to remand" or the objection is waived. Southwell v. Summit View of Farragut, LLC, 494 F.App'x 508, 511 n. 2 (6th Cir. 2012)(citing RFF Family Partnership, LP v. Wasserman, 316 F.App'x 410, 411-12 (6th Cir. 2009)(the forum defendant provision is a procedural removal requirement that is waived if it is not raised by a timely motion to remand) and Plastic Moldings Corp. v. Park Sherman Co., 606 F.2d 117, 119 n. 1 (6th Cir. 1979)). In this case, plaintiff's motion to remand was filed beyond the thirty-day time limit specified in §1447(c), and therefore plaintiff has waived any objection to a defect in removal under the forum defendant provision, §1441(b)(2).

Plaintiff also contends that this action should be remanded based on a lack of subject matter jurisdiction, noting that §1447(c) specifically exempts a motion to remand due to lack of subject matter jurisdiction from the thirty-day requirement. Plaintiff asserts that, to the extent that Cruse sought to remove this action based upon her intent to assert a defense grounded in federal law, removal on this basis was improper. It is correct that federal question jurisdiction under 28 U.S.C. §1331 is a proper ground for removal "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Chase Manhattan Mortgage Corp. v. Smith, 507 F.3d 910, 914-5 (6th Cir. 2007)(foreclosure action relying exclusively upon state law did not create a federal law cause of action allowing removal; federal counterclaims and defenses are also inadequate to confer federal jurisdiction). However, Cruse's

3

notice of removal does not mention federal question jurisdiction under §1331 as a basis for removal, nor has Cruse asserted a counterclaim or defense based on federal law in her answer to the amended complaint. See Doc. 8. By erecting this purely hypothetical ground for removal as a straw man and then knocking it down, plaintiff attempts to portray its motion to remand as being based on questions of subject matter jurisdiction, when, in actuality, the only objection to removal relevant to this case is one based on a procedural violation subject to the time limits of §1447(c).

The exclusive basis for removal provided in the notice of removal is original jurisdiction under §1332 based on diversity of citizenship. See Doc. 1, ¶ 3. As stated above, the complaint indicates that the requirements for subject matter jurisdiction under §1332(a)(1) based on diversity of citizenship have been satisfied. Plaintiff's objection to removal based on a violation of §1441(b)(2) concerns a procedural violation, not an issue of subject matter jurisdiction which could be asserted at any time prior to the entry of judgment. See Southwell, 494 F.App'x at 511 n. 2. Because plaintiff failed to file a timely motion to remand based on this §1441(b)(2) procedural violation, that violation has been waived.

For the foregoing reasons, plaintiff's motion to remand for lack of subject matter jurisdiction (Doc. 9) is denied.

Date: August 7, 2014                    s/James L. Graham
                                   James L. Graham
                                   United States District Judge

4