UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATIONSTAR MORTGAGE LLC,

    **Plaintiff,**

                            Civil Action 2:14-cv-383
    v.                            Magistrate Judge Elizabeth P. Deavers

KARI D. CRUSE,

    **Defendant.**

## OPINION AND ORDER

    Plaintiff, Nationstar Mortgage LLC ("Nationstar"), brings this foreclosure action against Defendant Kari D. Cruse ("Ms. Cruse"). Because of the diversity of the parties in this action, the Court has jurisdiction pursuant to 28 U.S.C. § 1332. This matter is before the Court for consideration of Ms. Cruse's Motion to Withdraw Admissions. Ms. Cruse's Motion to Withdraw Admissions is **GRANTED**. (ECF No. 28.) Pursuant to Federal Rule of Civil Procedure 36(b), the Court finds, in its discretion, that withdrawal would promote the presentation of the merits and further finds that Nationstar will not suffer prejudice as a result of the withdrawal. Accordingly, the Court will not deem Ms. Cruse's failure to timely reply to discovery requests as admissions.

    This matter is also before the Court for consideration of Nationstar's Motion for Summary Judgment (ECF No. 24) and Ms. Cruse's Response in Opposition to Nationstar's Motion (ECF No. 29). For the reasons that follow, Nationstar's Motion for Summary Judgment is **GRANTED**. (ECF No. 24.)

### I.    BACKGROUND AND RELEVANT FACTS

    On March 26, 2007, Plaintiff executed a note in which she promised to pay $103,000.00

plus interest to lender, Homecomings Financial, LLC ("Homecoming Financial"), in return for a loan in that amount. (Note, Page ID # 99-101, ECF No. 24.) The note contained a Notice of Default, which stated that if Ms. Cruse defaults, the Note holder may send her a written notice telling her that if she does not pay the overdue amount by a certain date, it may require her to immediately pay the full amount of the principal and interest owed. *Id.* at Page ID # 100.

Ms. Cruse also executed a mortgage to secure the note, which is secured by property located at 14 Coventry Drive, Chillicothe, Ohio 45601 ("the property"). (Mortgage, Page ID # 111-14, ECF No. 24.) Ms. Cruse acknowledged that she resides at and owns the property. (Request for Admission No. 30-32, Page ID # 239, ECF No. 24). The mortgage defines Ms. Cruse as the borrower and mortgagor, Homecoming Financial as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as a "separate corporation acting solely as nominee for Lender and Lender's successors and assigns, MERS is the mortgagee under this Security Instrument." (Mortgage, Page ID # 111, ECF No. 24.)

On November 25, 2009, the promissory note and mortgage at issue were purportedly assigned to Nationstar. The Assignment of Mortgage provides, in relevant part, as follows:

> The Mortgage Electronic Registration Systems, Inc., as nominee for HOMECOMING FINANCIAL, LLC (F/K/A HOMECOMING FINANCIAL NETWORK, INC) acting hereto by and through its duly authorized officers, herein after called transferor, of the County of DENTON, State of TEXAS, for and in consideration of TEN and NO/100 DOLLARS CASH, AND OTHER VALUABLE CONSIDERATION, to is in hand paid by Nationstar Mortgage, LLC, 350 Highland Dr., Lewisville, TX 75067 herein after called transferee, the receipt of which is hereby acknowledged, has this day Sold, Conveyed, Transferred, and Assigned and by these presents does Sell, Convey, Transfer, and Assigns unto the transferee the herein after described indebtedness.
>
> \* \* \*
>
> One certain promissory note executed by KARI D. CRUSE, A SINGLE

2

> WOMAN payable to the order of Mortgage Electronic Registration System, Inc., as nominee for HOMECOMINGS FINANCIAL, LLC (F/K/A HOMECOMINGS FINANCIAL NETWORK, INC) in the sum of ($103,000.00) dated 3/26/2007 and bearing interest and due and payable in monthly installments as therein provided.
>
> Said note being secured by Security Instrument of even date therewith duly recorded in the Public Records of ROSS County, OHIO and secured by the liens therein expressed on the following described lot, tract, or parcel of land lying and being situated in ROSS County, OHIO to wit:
>
> Property Address: 14 Coventry Drive Chillicothe, Ohio 45501.
>
> \* \* \*

(Assignment of Mortgage, Page ID # 117-18, ECF No. 24.)

On July 8, 2010, Ms. Cruse signed a Multistate Home Affordable Modification Agreement, which modified the terms of the note. (Multistate Home Affordable Modification Agreement, Page ID # 102-08, ECF no. 24.) The Modification Agreement indicates that Ms. Cruse is the borrower and that Nationstar Mortgage LLC is the lender. All terms, except those modified in the Agreement, remained in effect. *Id.*

On December 30, 2013, Nationstar sent Ms. Cruse notice that she had not made a payment on her loan since November 1, 2013. (Notice of Acceleration, Page ID # 121, ECF No. 24.) Nationstar informed Ms. Cruse that failure to make payments is a default under the terms and conditions of her mortgage loan. *Id.* It further informed Plaintiff that failure to cure her default could result in acceleration of the sums secured by the note, foreclosure proceedings, and sale of the property. *Id.* at 122.

On March 27, 2014, Nationstar filed this action in the Court of Common Pleas in Licking County. Ms. Cruse subsequently removed the action to this Court on April 28, 2014. Nationstar seeks money due under the note in the amount of $71,669.62, plus interest at the rate of 2.99%

3

per annum, or as that rate may be adjusted under the loan modification agreements, from October 1, 2013, plus deferred principal in the amount of $32,145.93 and late charges. Nationstar additionally seeks foreclosure of the mortgage.

Brett Bush, Assistant Secretary at Nationstar, submitted an affidavit with the Motion for Summary Judgment. In the affidavit, he states that Nationstar is currently in possession of the note, and that it was in possession of the note when this suit was filed. (Affidavit ¶ 4, Page ID # 97, ECF No. 24.) He also asserts that all prerequisites under the note and mortgage have been performed and that a Notice of Acceleration was mailed to Ms. Cruse via first class mail. (*Id.* at ¶ 5.) Nationstar also submitted (1) a copy the original note, which names Ms. Cruse as the borrower and Homecomings Financial as the lender, and contains an indorsement from Homecoming Financial to GMAC Mortgage, LLC ("GMAC") and a blank indorsement signed by J. Gray of GMAC (Page ID # 99); a copy of the original mortgage, which names Ms. Cruse as the mortgagor, MERS as the mortgagee, and Homecoming Financial as the lender (Page ID # 111); (3) a copy of the Modification Agreement, which names Ms. Cruse as the borrower and Nationstar as the lender (Page ID # 102); (4) a copy of the Assignment of Mortgage, in which MERS, as nominee for Homecoming Financial, assigned the note and mortgage at issue to Nationstar (Page ID # 117); and (5) a letter from Nationstar to Ms. Cruse notifying her that she is in default and that it had the right to accelerate the sums due. (Page ID # 121-22.)

Nationstar accelerated and called the entire principal balance due on the loan. The note and loan modification agreement have been in default since November 1, 2013. (Affidavit ¶ 6, Page ID # 97, ECF No. 24; Request for Admission No. 47, Page Id # 241, ECF No. 24.) Nationstar now seeks the money due on the note, plus interest, and foreclosure of the mortgage.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III. ANALYSIS

Because this matter is a diversity action, the Court must apply Ohio law in determining whether summary judgment is appropriate. Regarding foreclosure actions, Ohio law provides as follows:

> To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

*Deutsche Bank Nat'l Trust Co. v. Najar*, 2013-Ohio-1657, ¶ 17 (8th Dist.) (citing *United States Bank, N.A. v. Adams,* 2012–Ohio–6253, ¶ 10 (6th Dist.)).

In the instant action, only the first two elements are in contention. Ms. Cruse contends that Nationstar has not shown that it is a party entitled to enforce the note and that Nationstar is not the correct party in interest. She, however, does not dispute that the note and loan modification agreement are in default, that the conditions precedent have been met, or the amount of principal and interest due.

Nationstar presents sufficient evidence to demonstrate that Ms. Cruse is in default. (*See* Affidavit ¶ 6, Page ID # 98, ECF No. 24; Transaction History, Page ID # 124-47, ECF No. 24.) Ms. Cruse herself admits that the note and mortgage are in default. (*See* Request for Admission No. 47, Page ID # 241, ECF No. 24.) Nationstar also establishes that the conditions precedent have been met; it has provided evidence that Ms. Cruse failed to make monthly payments as required and that it provided the necessary Notice of Acceleration to Ms. Cruse. (*See* Notice, Page ID # 121-22, ECF No. 24.) Finally, Nationstar has provided the modified loan agreement

and loan transaction history, which demonstrates that Ms. Cruse owes a principal balance of $71.669.62, plus interest.  (*See* Transaction History, Page ID # 124-47; and Modification Agreement, Page ID # 102-09, ECF No. 24.)  Ms. Cruse does not provide any specific evidence to demonstrate a genuine issue for trial regarding these three elements.  Thus, the only issues in contention in this case are whether Nationstar is a party entitled to enforce the instrument, and whether Nationstar has established the chain of assignments and transfers.

**A.  Party Entitled to Enforce the Instrument**

Ms. Cruse asserts that Nationstar does not have standing to bring this action because it is not a party entitled to enforce the note and mortgage.  "The lack of standing at the commencement if a foreclosure action requires dismissal of the complaint."  *Fed. Home Loan Mtg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214 ¶ 40.  In order to have standing to bring a foreclosure action, the plaintiff must be the holder of the note and mortgage, or a party entitled to enforce the instrument.  *Bank of Am., N.A. v. Pasqualone*, 82 UCC Rep. Serv.2d 331, 2013-Ohio-5795, ¶ 21 (8th Dist.).

"Ohio's version of the UCC governs who may enforce a negotiable note.   Article 3 of the UCC governs the creation, transfer, and enforceability of negotiable instruments, including promissory notes secured by mortgages on real estate."  *Najar,* 2013-Ohio-1657, ¶ 23.  The Ohio Court of Appeals for the Tenth District has explained as follows with regard to who is a person entitled to enforce an instrument:

> Pursuant to R.C. 1303.31(A), a "person entitled to enforce" an instrument means any of the following persons: (1) the holder of the instrument, (2) a non-holder in possession of the instrument who has the rights of the holder, or (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of Section 1303.58 of the Revised Code. . . .

7

> With respect to a negotiable instrument, a "holder" means: "The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." R.C. 1301.201(B)(21)(a). Determining whether a plaintiff-creditor is a holder requires physical examination not only of the face of the note but also of any indorsements.

*Pasqualone*, 2013-Ohio-5795, ¶¶ 31-33.

In the instant case, Nationstar filed an affidavit indicating that it is in possession of the note, now and at the time the Complaint was filed. (Affidavit ¶ 4, Page ID # 97, ECF No. 24.) Nationstar also attached a copy of the note, which contains two indorsements. The first indorsement was made by the assistant secretary of Homecomings Financial, making the note payable to the order of GMAC. Subsequently, GMAC made a blank indorsement, which makes the note payable to the bearer. *See id.* at ¶ 33 (citing R.C. 1301.201(B)(21)(a)). Because Nationstar has the note in its possession and it is indorsed to bearer, it is the holder of the note and is a person entitled to enforce the note.

Nationstar has established that no genuine issue of material fact exists as to whether it is a person entitled to enforce the note. Ms. Cruse makes a general argument that a question exists as to whether Nationstar is the holder of the note. She fails, however, to present any specific evidence to demonstrate that there is a genuine issue for trial.

**B.     Chain of Assignments and Transfers**

Ms. Cruse also asserts that Nationstar has not provided sufficient evidence to establish the chain of assignments and transfers. On that score, Nationstar has filed a sworn affidavit indicating that a true and accurate copy of the Assignment of Mortgage was attached to its Motion. A review of the Assignment of Mortgage indicates that MERS, as a nominee of lender Homecoming Financial, assigned the note, secured by the mortgage, to Nationstar. (Assignment

8

of Mortgage, Page ID # 195-196, ECF No. 24.)  The Assignment of Mortgage was recorded on December 16, 2009.  *Id.*  Nationstar has therefore established the chain of assignments and transfers.

Ms. Cruse contends that Nationstar is not a valid assignee of the mortgage because Homecoming Financial was the owner of the mortgage, not MERS, and MERS therefore did not have authority to assign the mortgage to Nationstar.  Nevertheless, "because [Ms. Cruse] is not a party to the assignment of [the] note and mortgage, [she] lacks standing to challenge [its] validity."  *Deutsche Bank Natl. Trust Co. v. Whiteman*, 2013-Ohio-1636, ¶ 16 (10th Dist.).  Accordingly, if the assignment was not valid, Homecoming Financial would have to raise the claim, not Ms. Cruse.

In this case, Nationstar has established that it is a party entitled to enforce the instrument, the chain of assignments and transfers, that the mortgage is in default, that all conditions precedent have been met, and the amount of principal and interest due.  Ms. Cruse fails to present any specific evidence to demonstrate a genuine issue for trial.  Accordingly, Nationstar is entitled to summary judgment.

**C.    Damages**

Under Ohio law, "once a default in payment has occurred under the terms of a note, and once the note has been accelerated, the holder of the note is entitled to judgment."  *Gaul v. Olympia Fitness Ctr., Inc.*, 88 Ohio App.3d 310, 623 N.E.2d 1281, 1284 (8th Dist. 1993) (citing *King v. Safford* 19 Ohio St. 587 (1869); *Union Cent. Life Ins. Co. v. Curtis* 35 Ohio St. 357 (1880); *Bradfield v. Hale* 67 Ohio St. 316, 65 N.E. 1008 (1902); *Evilsizor v. Speckbaugh*, 88 N.E.2d 296 (1949)).  In this case, Ms. Cruse defaulted on her loan and Nationstar accelerated the

note. Nationstar has also established that no genuine issues of material fact exist as to any element of its foreclosure claim. Accordingly, Nationstar is entitled to judgment as a matter of law.

Nationstar is entitled to judgment against Ms. Cruse in the amount of $71,669.62, plus interest at the rate of 2.00% per annum, or as that rate may from time to time be adjusted in accordance with the term of the loan modification agreement, from October 1, 2013, plus the deferred principal in the amount of $32,145.93 and any late charges.

Additionally, Nationstar is found to have first lien on the property for this amount and owing, together with its advances made pursuant to the terms of the mortgage for real estate taxes, insurance premiums, and property protection and maintenance. The mortgage, however, is junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments.

The equity of redemption of Ms. Cruse is foreclosed. Unless the sums found to be due to Nationstar are fully paid within ten (10) days from the date of this entry of judgment, the equity of redemption of Ms. Cruse in the property shall be foreclosed and the property shall be sold free of the interests of all parties to this action subject to redemption by Ms. Cruse pursuant to R.C. § 2329.33.

Nationstar is **DIRECTED** to General Order No. 07-03 to comply with the Court's procedures for foreclosure sales.

IV. CONCLUSION

For the above stated reasons, Nationstar's Motion for Summary Judgment is **GRANTED**. (ECF No. 24.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of

Nationstar.

**IT IS SO ORDERED.**


Date: September 4, 2015                                   */s/ Elizabeth A. Preston Deavers*
                                                          ELIZABETH A. PRESTON DEAVERS
                                                          UNITED STATES MAGISTRATE JUDGE